IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| IMPERIUM INSURANCE COMPANY *f/k/a* DELOS INSURANCE COMPANY, 800 GESSNER, STE. 600 HOUSTON, TX 77024 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| V. | * | CASE NO. _____ |
| | * | |
| ALLIED INSURANCE BROKERS, INC., 2205 WARWICK WAY, SUITE 320 MARRIOTSVILLE, MD 21042 | * | |
| | * | |
| SERVE ON ITS RESIDENT AGENT: JEFFREY H. MARSH 3129 SENECA CHIEF TRAIL ELLICOTT CITY, MD 21042 | * | |
| | * | |
| JEFFREY H. MARSH, 3129 SENECA CHIEF TRAIL ELLICOTT CITY, MD 21042 | * | |
| | * | |
| LAWRENCE PORTER, 10717 STEVENSON RD. OWINGS MILLS, MD 21117 | * | |
| | * | |
| AND | * | |
| | * | |
| SUSAN PORTER, 10717 STEVENSON RD. OWINGS MILLS, MD 21117 | * | |
| | * | |
| DEFENDANTS. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### COMPLAINT

Plaintiff Imperium Insurance Company *f/k/a* Delos Insurance Company ("Imperium"), by

its undersigned attorneys, hereby sues Defendants Allied Insurance Brokers, Inc. ("Allied"),

Jeffrey Marsh, Lawrence Porter and Susan Porter, and for its causes of action, state as follows:

## PARTIES

1.      Imperium is a corporation organized under the laws of the State of Texas with its principal place of business located in Houston, Texas.

2.      Imperium is the successor in interest to Delos Insurance Company.

3.      Defendant Allied is a corporation organized under the laws of the State of Maryland with its principal place of business located at 2205 Warwick Way, Suite 320, Marriotsville, Maryland.

4.      Defendant Jeffrey H. Marsh is an individual residing in and regularly conducting business in the State of Maryland.

5.      Defendant Lawrence Porter is an individual residing in and regularly conducting business in the State of Maryland.

6.      Defendant Susan Porter is an individual residing in and regularly conducting business in the State of Maryland.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the individual Defendants are residents of the State of Maryland and Allied is incorporated in, and maintains its principal place of business in, the State of Maryland, therefore all defendants are resident in this District.

## FACTS COMMON TO ALL COUNTS

I.   **Agreement Between Imperium and Allied**

9.      Imperium is an insurance company engaged in the business of issuing insurance policies in consideration of the payment of premiums by policyholders.

10.      Allied is an insurance broker engaged in the business of selling insurance policies issued by insurance companies to policyholders and collecting premiums on behalf of such insurance companies.

11.      Allied and Imperium are parties to an Amended and Restated Program Agreement dated May 1, 2008, with amendments effective May 1, 2008, February 1, 2010, May 1, 2010, and September 1, 2010 (collectively the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

12.      Allied was obligated pursuant to the Agreement to collect premiums (the "Premiums") on behalf of Imperium for policies issued by Imperium and sold by Allied.

13.      Allied was the trustee of an express trust with respect to the Premiums created by the Agreement.

14.      Allied was obligated as a trustee pursuant to the Agreement to hold Premiums in trust and to deposit Premiums into a segregated trust account for the benefit of Imperium (the "Imperium Trust Account").[1]

15.      Allied was required pursuant to the Agreement to remit the Premiums to Imperium when and as set forth therein.

---

[1] Premiums received by Allied solely in payment for Imperium policies were to be directly deposited into the segregated trust account for Imperium. Premiums received by Allied and payable to several insurers were to be deposited into a general trust account maintained by Allied, and the portion attributable to Imperium was to be transferred immediately thereafter to the segregated Imperium trust account.

## II.   Mis-Application of Premiums

16.     Allied from time to time received Premiums by wire transfer into its general operating account.  These funds were not transferred to the Imperium Trust Account, but rather were commingled with Allied's general funds and used by the defendants for their purposes, in violation of the trust arrangement set forth in the Agreement.

17.     Defendants knew or should have known of the mis-use of Premiums deposited directly into Allied's general operating account, as Allied's legitimate revenues predominantly, if not exclusively, should have been in the form of commissions transferred from premium trust accounts for the insurers on behalf of whom Allied collected premiums.

18.     Any deposit of funds into Allied's general operating account other than a commission transfer from an Allied premium trust account should have prompted an inquiry as to the purpose for which such funds were deposited, and an immediate transfer into the appropriate premium trust account.

19.     Defendants had actual knowledge of the mis-use of Premiums deposited directly into Allied's general operating account, as Defendants knew of third-party deposits directly into Allied's general operating account and knew that no corresponding transfers were made from that account to a premium trust account.

20.     Allied from time to time received a check representing premiums owed to multiple insurers.  Each such check should have been deposited into a general premium trust account maintained by Allied (the "General Premium Trust Account") and such funds subsequently disbursed to the appropriate specific premium trust accounts.

21.     Rather than transferring all Premiums deposited in the General Premium Trust Account into the Imperium Trust Account, Defendants transferred Premiums to their own uses.

22.    Defendants knew that all funds in the General Premium Trust Account were to have been transferred into specific insurers' premium trust accounts, and that the General Premium Trust Account would have had a zero balance following reconciliation of such transfers.

23.    Defendants had actual knowledge of the mis-use of Premiums deposited into the General Premium Trust Account, as the Defendants were aware of the accumulation of funds in the General Premium Trust Account, were aware that although Premiums were deposited into the General Premium Trust Account, such Premiums were not transferred into the Imperium Trust Account, and knew or should have known that funds in the General Premium Trust Account were used for purposes other than those for which such funds were held in trust.

## III.    False Financial Reporting

24.    Allied was obligated pursuant to the Agreement to provide certain financial information to Imperium on a monthly basis, including but not limited to the gross amount of premiums written and the amount of premiums actually collected (the "Monthly Reports").

25.    The defendants submitted false Monthly Reports to Imperium which intentionally understated the amount of Premiums collected.

26.    The defendants' purpose for understating the amount of Premiums collected was to enable the defendants to conceal their diversion of Premiums and to induce Imperium to continue permitting Allied to write insurance policies and collect Premiums on its behalf.

27.    Imperium reasonably relied upon the Financial Reports submitted by Allied and the individual defendants, and in reliance thereon, continued to authorize Allied to write insurance policies and collect Premiums on behalf of Imperium.

5

## IV.   The Audit

28.   Imperium engaged Chiltington International Inc., an auditing and insurance consulting firm, in November of 2011 to audit the books and records maintained by Allied (the "Audit").

29.   The Audit, which examined the period through August 31, 2011, disclosed an approximately One Million Eight Hundred Seventy-four Thousand Dollar ($1,874,000.00) shortfall in the Imperium Trust Account.

30.   Defendants admitted to the individuals conducting the Audit that each of them knew of a shortfall in the Imperium Trust Account.

31.   The individual defendants are officers of Allied, each had knowledge of the concealment of material facts from Imperium, and upon information and belief, each personally participated in acts to conceal Allied's diversion of the Converted Premiums, including but not limited to participating in the fabrication of bookkeeping entries intended to conceal *inter alia* Allied's diversion of the Converted Premiums.

**COUNT I**
**Breach of Contract**

32.   Imperium incorporates the foregoing paragraphs as though fully set forth herein.

33.   Allied was obligated under the Agreement to hold the Premiums in trust for Imperium and to remit the Premiums to Imperium when and as set forth in the Agreement.

34.   Allied breached the Agreement by failing to hold the Converted Premiums in trust, failing to remit the Converted Premiums to Imperium when and as due under the Agreement, failing to maintain certain insurance coverages required by the Agreement, including but not limited to crime and fidelity and general liability, and Allied in other ways breached the Agreement.

35.     Allied's breaches of the Agreement entitle Imperium to damages for breach of contract, including but not limited to the amount of the Converted Premiums, interest thereon and costs of collection, including attorneys' fees.

**WHEREFORE**, Plaintiff Imperium Insurance Company *f/k/a* Delos Insurance Company, respectfully requests that the Court enter an Order:

a.      Directing the Clerk to enter judgment in its favor and against defendant Allied Insurance Brokers, Inc., for compensatory damages in the amount of One Million Eight Hundred Seventy-four Thousand One Hundred and Five Dollars ($1,874,104.00) or  such other amount as may be determined due and owing to Imperium Insurance Company under the Agreement, including, interest, attorneys' fees, costs of suit, and such other and further charges and damages as Imperium Insurance Company may be entitled, together with post-judgment interest at the legal rate; and

b.      Granting such other and further relief as is appropriate under the circumstances.

## COUNT II
### Fraud

36.     Imperium incorporates the foregoing paragraphs as though fully set forth herein.

37.     The defendants submitted Monthly Reports to Imperium containing information which the defendants knew to be false.

38.     The defendants submitted false Monthly Reports to Imperium with the intent that Imperium would rely upon the false information in such Monthly Reports by continuing to grant Allied the authority to write insurance policies on behalf of, and collect Premiums as trustee for, Imperium.

7

39.     Imperium actually and reasonably relied upon the Financial Reports by *inter alia* continuing to authorize Allied to write insurance policies and serve as a trustee on behalf of Imperium for the purpose of collecting Premiums, and Imperium further exercised forbearance from its right to have an independent audit performed on Allied's books and records, an audit which would have disclosed the fraud.

40.     Imperium has suffered damages as a result of the defendants' fraud.

**WHEREFORE**, Plaintiff Imperium Insurance Company *formerly known as* Delos Insurance Company, respectfully requests that the Court enter an Order:

a.      Directing the Clerk to enter judgment in its favor and against Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter for compensatory damages in the amount of One Million Eight Hundred Seventy-four Thousand One Hundred and Five Dollars ($1,874,104.00) or  such other amount as may be determined at trial, together with punitive damages in the amount of One Million Dollars ($1,000,000.00), together with pre and post-judgment interest; and

b.      Granting such other and further relief as is appropriate under the circumstances.

### COUNT III
### Intentional Breach of Contract Involving Fiduciary Duty

41.     Imperium incorporates the foregoing paragraphs as though fully set forth herein.

42.     Allied was the trustee pursuant to an express trust created by the Agreement.

43.     Allied, by and through the acts of the individual defendants intentionally and tortiously breached the Agreement by diverting the Converted Premiums to their own uses, with knowledge that such diversion was wrongful and tortious toward Imperium.

8

44.     The Defendants acted with actual malice toward Imperium in diverting the Converted Premiums insofar as they knew that their taking constituted a theft of the Converted Premiums.

45.     The Defendants owed Imperium fiduciary duties, both contractual and implied, with respect to their dealings with Imperium, the Defendants breached said duties for the purpose of obtaining personal gain therefrom.

46.     As a result of the Defendants' tortious breaches of their duties to Imperium, Imperium has suffered damages.

**WHEREFORE**, Plaintiff Imperium Insurance Company *formerly known as* Delos Insurance Company, respectfully requests that the Court enter an Order:

a.      Directing the Clerk to enter judgment in its favor and against Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter for compensatory damages in the amount of One Million Eight Hundred Seventy-four Thousand One Hundred and Five Dollars ($1,874,104.00) or  such other amount as may be determined at trial, together with punitive damages in the amount of One Million Dollars ($1,000,000.00), together with pre and post-judgment interest; and

b.      Granting such other and further relief as is appropriate under the circumstances.

### COUNT IV
### Constructive Fraud

47.     Imperium incorporates the foregoing paragraphs as though fully set forth herein.

48.     Allied owed Imperium an express contractual fiduciary duty with respect to the Premiums and other matters arising in connection with the Agreement.

49.     Among the duties owed by Allied were a duty to disclose all facts material to Imperium with respect to Premiums and particularly the Converted Premiums.

50.     Allied and the individual defendants failed to disclose facts concerning conversion of the Converted Premiums to Imperium, thus breaching their respective duties.

51.     As a result of the Defendants' breach of their fiduciary duties, Imperium has suffered damages.

**WHEREFORE**, Plaintiff Imperium Insurance Company *formerly known as* Delos Insurance Company, respectfully requests that the Court enter an Order:

a.      Directing the Clerk to enter judgment in its favor and against Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter for compensatory damages in the amount of One Million Eight Hundred Seventy-four Thousand One Hundred and Five Dollars ($1,874,104.00) or such other amount as may be determined at trial, together with punitive damages in the amount of One Million Dollars ($1,000,000.00), together with pre and post-judgment interest; and

b.      Granting such other and further relief as is appropriate under the circumstances.

## COUNT V
### Civil Conspiracy

52.     Imperium incorporates the foregoing paragraphs as though fully set forth herein.

53.     The defendants, and other persons not yet made a party to these proceedings, without the permission of Imperium, acted unlawfully, and in concert with one another to deprive Imperium of its property, and to divert Converted Premiums to their own uses.

54.     As a result of the Defendants' unlawful conspiracy to embezzle the Converted Premiums, which were property of Imperium, Imperium has suffered damages.

WHEREFORE, Plaintiff Imperium Insurance Company *formerly known as* Delos Insurance Company, respectfully requests that the Court enter an Order:

a.      Directing the Clerk to enter judgment in its favor and against Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter for compensatory damages in the amount of One Million Eight Hundred Seventy-four Thousand One Hundred and Five Dollars ($1,874,104.00) or such other amount as may be determined at trial, together with punitive damages in the amount of One Million Dollars ($1,000,000.00), together with pre and post-judgment interest; and

b.      Granting such other and further relief as is appropriate under the circumstances.

## COUNT VI
### Accounting

55.     Imperium incorporates the foregoing paragraphs as though fully set forth herein.

56.     Allied owed Imperium an express contractual fiduciary duty with respect to the Premiums, specifically a duty to account for the Converted Premiums.

57.     Since Imperium's discovery of the Converted Premiums, Imperium has repeatedly demanded payment of the Converted Premiums and has requested an accounting of the sums actually due from Allied to Imperium.

58.     Allied has refused, without justification or reason to provide an accounting for the Converted Premiums.

59.     Allied is in possession of records and information related the Converted Premiums.

60.     Imperium has been damaged by Allied's failure to account for and remit the Converted Premiums.

11

WHEREFORE, Plaintiff Imperium Insurance Company *formerly known as* Delos Insurance Company, respectfully requests that this Honorable Court enter an Order:

a.    Directing the Defendant Allied Insurance Brokers, Inc.to fully account for all sums due to Plaintiff under the Agreement; and

b.    Directing the Clerk to enter judgment in its favor and against Defendant Allied Insurance Brokers, Inc. for compensatory damages in such amount as may be found to be due to Plaintiff on such accounting, together with attorneys' fees, costs of suit, and pre and post-judgment interest; and

c.    Granting such other and further relief as is appropriate under the circumstances.

Robert T. Franklin, Fed. Bar No. 02607
Andrew L. Cole, Fed. Bar No. 14865
Bradley F. Fowler, Fed. Bar No. 29629
Franklin & Prokopik
The B&O Building
Two N. Charles St, Ste. 600
Baltimore, MD 21201
(410) 752-8700
(410) 752-6868 (fax)
rfranklin@fandpnet.com
acole@fandpnet.com
bfowler@fandpnet.com

*Attorneys for Plaintiff*