IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IMPERIUM INS. CO.

    Plaintiff

v.                                            Case:  CCB 12 1373

ALLIED INS. BROKERS, INC. et al.

    Defendants

***

MOTION TO DISMISS
BECAUSE OF IMPROPER VENUE
UNDER FORUM SELECTION CLAUSE

Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter, by their attorney, move pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss Plaintiff Imperium Insurance Company's Complaint for the following reasons:

    1.    The Plaintiff has sued Allied, Marsh and the Porters under a variety of theories, including breach of contract, breach of fiduciary duties, fraud, and accounting. The gravamen of the complaint is that the Plaintiff (or the Plaintiff's predecessor) and Allied had an "Amended & Restated Program Management Agreement" (the "Agreement") whereby Allied acted as a program manager for certain insurance risks. As part of the Agreement, Allied solicited and bound insurance risks for the Plaintiff. In addition, Allied collected premiums for the Plaintiff. A dispute has arisen over an alleged shortfall in the premiums collected and due the Plaintiff. See Compl. ¶¶ 9-31. The

individual defendants are alleged to be officers of Applied who were responsible for maintaining the trust account or accounts. Compl. ¶ 31.

2. A copy of the Agreement is attached as Exhibit 1 to the Complaint.

3. Paragraph D of Article XXI of the Agreement contains a mandatory forum selection clause that requires that all disputes arising out of or related to the Agreement be litigated in New York. As such, the mandatory forum selection clause precludes litigation in this Court of the claims asserted by the Plaintiff.

Wherefore, Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter ask that this Court dismiss the Complaint and/or take whatever other action is deemed appropriate. A memorandum in support of this motion appears below and is incorporated herein.

Respectfully submitted,

*/s/ Andrew Janquitto*

_____
Andrew Janquitto
Mudd, Harrison & Burch, L.L.P.
401 Washington Avenue, Suite 900
Towson, Maryland 21204-4835
Tel. 410 828 1335
Fax. 410 828 1042
Fed Bar No. 06637


MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

Paragraph D of Article XXI of the Agreement that is at the center of the dispute between the Plaintiff and all Defendants contains a mandatory forum selection clause. That clause requires that "all actions or proceedings arising out of or relating to this

Agreement shall be tried and litigated exclusively in the State and Federal courts located in the County of New York, State of New York." The forum selection clause further provides:

> The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than that specified in this paragraph.

The Agreement is attached as Exhibit 1 to the Complaint. Article XXI begins on page 14 of the Agreement. The forum selection clause appears on pages 15 and 16 of the Agreement. For the Court's convenience, a copy of the pages 1, 14, 15 and 16 of the Agreement is attached to this Motion (Ex. 1).

The forum selection clause, by its terms, is mandatory. In breach of the forum selection clause, the Plaintiff has filed suit in this Court. A dismissal is required. As this Court has explained several times, forum selection clauses are enforceable. See, e.g., Main Line Mech. of Va., Inc. v. Herman/Stewart Constr. & Dev., Inc., 2011 U.S. Dist. LEXIS 98751, *6-*11 (D. Md. Aug. 31, 2011); Fusha v. Delta Airlines, Inc., 2011 U.S. Dist. LEXIS 97295 (D. Md. Aug. 30, 2011); LTVN Holdings LLC v. Odeh, 2009 U.S. Dist. LEXIS 103075 *12-*18 (D. Md. Nov. 5, 2009).

The forum selection clause is enforceable not only to the Plaintiff's claims against Allied but also to the related claims against the three individual defendants, all of whom are alleged to be the officers of Allied. See Compl. ¶ 31. As this Court has noted, "it is generally held that all participants, parties, and non-parties are covered by choice of forum clauses so long as their alleged conduct is 'closely related' to the contract in question." Belfiore v. Summit Federal Credit Union, 452 F. Supp.2d 629, (D. Md. 2006);

3

see also Main Line Mech., 2011 U.S. Dist. LEXIS 98751 at *8-*9 n. 1 (quoting Belfiore). The "closely related" nexus is easily met as the allegations of the Complaint are that the three individual defendants were intimately involved in overseeing the trust account or accounts. See Compl. ¶¶ 16-31.

Given the mandatory forum selection clause in the Agreement, this Court is not the proper venue for the disputes raised by the Plaintiff. See Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 549-50 (4th Cir. 2006)(indicating that a motion to dismiss based on a forum selection clause should be treated as a Rule 12(b)(3) motion).

Wherefore, Defendants Allied Insurance Brokers, Inc., Jeffrey H. Marsh, Lawrence Porter and Susan Porter request that this Court grant their motion and dismiss the Complaint.

Respectfully submitted,

*/s/ Andrew Janquitto*

Andrew Janquitto
Mudd, Harrison & Burch, L.L.P.
401 Washington Avenue, Suite 900
Towson, Maryland 21204-4835
Tel. 410 828 1335
Fax. 410 828 1042
Fed Bar No. 06637

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, I efiled and therefore eserved a copy of this motion to dismiss each of the following persons:

>Robert T. Franklin, Esquire
>Andrew W. Cole, Esquire
>Bradley F. Fowler, Esquire
>Franklin & Prokopik, P.C.
>Two North Charles Street, Suite 600
>Baltimore, MD 21201

>*/s/ Andrew Janquitto*
>_____
>Andrew Janquitto