IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IMPERIUM INS. CO.

     Plaintiff

v.                                   Case: CCB 12 1373

ALLIED INS. BROKERS, INC. et al.

     Defendants

***

DEFENDANT ALLIED INSURANCE BROKER'S RESPONSE TO MOTION
FOR ATTACHMENT BEFORE JUDGMENT

Defendant Allied Insurance Brokers, Inc., by its attorney, responds to the Plaintiff's motion for attachment before judgment as follows:

1.    Allied has filed, along with the three other defendants, a motion to dismiss.  The motion asks this court to dismiss the complaint because of improper venue under a forum selection clause.  The motion to dismiss is currently pending.

2.    Given the pending motion to dismiss, Allied submits that it need not respond to the motion for attachment before judgment.  To the extent that the motion to dismiss is granted, the litigation would end.  To the extent that he motion to dismiss is denied, then Allied requests that it have five (5) days after the denial of the motion to dismiss to respond to the motion for prejudgment attachment.  Allied denies any fraudulent activity and plans to assert substantive defenses to the Plaintiffs' claims.

3.    In addition, Allied asserts that the Plaintiff is not entitled to prejudgment attachment under Maryland law even assuming *arguendo* that Allied committed fraud

(which it denies). Via Rule 64 of the Federal Rules of Civil Procedure, the Plaintiff contends that § 3-303(e) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland entitles it to a prejudgment attachment.  *See* Plaint. Memo at ¶¶ 2-4. This is the sole basis of the relief requested by the Plaintiff.[1]

4.　　　Section 3-303(e) is limited by § 3-304(b) to actions "based on contract for liquidated damages."  Md. Code Ann., Cts. & Jud. Proc. § 3-304(b).  *See also Levitt v. State Deposit Ins. Fund Corp.*, 505 A.2d 140, 144 (Md. Ct. Spec. App. 1986)(holding that § 3-303(e) did not apply to a complaint that sought damages based on fraud, misappropriation and other contractual or tort-based theories because it did not seek liquidated damages).  Although the Plaintiff argues that § 3-303(e) applies because the damages are "readily calculable and therefore liquidated," Plaintiff's Memo. at ¶ 28, the Plaintiff misapplies § 3-304(b).

5.　　　"Liquidated damages" is not defined in § 3-304.  Under Maryland's rules of statutory construction, *see generally Maryland-National Capital Park & Planning Comm'n v. Anderson*, 909 A.2d 694, 699-700 (Md. 2006), undefined words should be given their natural and ordinary meaning in order to ascertain the purpose of the legislation.  "Liquidated damages" has a commonly accepted, natural and ordinary meaning.  Maryland Appellate Courts have indicated that "liquidated damages" means a specific sum of money expressly stipulated by the contracting parties to as the amount of damages to be recovered by either party should a breach occur.  *See Traylor v. Grafton*, 332 A.2d 651, 660 (Md. 1975); *Massachusetts Indem. Life Ins. Co. v. Dresser*, 306 A. 2d 213, 216 (Md. 1973); *Traylor v. Grafton*, 332 A.2d 651, 660 (Md. 1975); *Smelkinson*

---

[1] The Plaintiff, for example, has not sought to enjoin Allied under Rule 65 from disposing of assets. *See* Fed. R. Civ. P. 65.  *Cf. Teferi v. Dupont Plaza Assocs.*, 551 A.2d 477 (Md. Ct. Spec. App. 1989)(discussing difference between § 3-303(e) remedy and injunctive relief); *Levitt*, 505 A.2d 140 (same).

*SYSCO v. Harrell*, 162 Md. App. 437, 447 (Md. Ct. Spec. App. 2005). *See also M.L.E. Damages* § 42 (defining "liquidated damages" as "the amount agreed on by the parties when the contract is entered into as the sum to be paid if the contact is breached; it is an estimate made by the parties at the time of making the contract, of the extent of the injury which a breach of the contract will cause."); *Black's Law Dictionary* (6th ed. 1990)(defining "liquidated damages" as "the sum which party to contract agrees to pay if he breaks some promise and, which having been arrived at by good faith effort to estimate actual damage that will probably ensue from breach, is recoverable as agreed damages if breach occurs").

6.      Interpreting "liquidated damages" in § 3-304(b) to refer to a sum set forth in a contract is logical and consistent with the rare instances in which prejudgment attachment is available.  Interpreting "liquidated damages" in the manner suggested by the Plaintiff does not comport with the object of statutory construction, which is to ascertain the intent of the legislature.  If the Plaintiff's interpretation were correct, every garden-variety breach of contract case could lend itself to prejudgment attachment.  The Maryland General Assembly clearly did not intend this result; rather, the legislature limited the availability of prejudgment attachment to instances where the contract set forth a liquidated damage amount and the requirements of § 3-303(e) were fulfilled.

7.      The Amended & Restated Program Management Agreement" agreement between the Plaintiff and Allied does not contain a liquidated damage provision, *see* Ex. 1 to Complaint[2], and the Plaintiff does not contend it does.  As admitted by the Plaintiff,

---

[2] The Agreement contains many dispute resolution provisions concerning mediation, arbitration, forum selection and even remedies, but it does not contain a liquidated damage provision. *See* Agreement, Articles XXI and XXII.

it seeks damages that must be calculated.  Prejudgment attachment under § 3-303(e) is not available.

Wherefore, Defendant Allied Insurance Brokers, Inc. asks that the Plaintiff's motion for prejudgment attachment be denied.  In the alternative, should this Court deny the Defendant's Motion to Dismiss, it asks that it have five (5) days from the date of the denial to respond to the motion for prejudgment attachment in a fuller, more substantive fashion.

Respectfully submitted,

*/s/ Andrew Janquitto*

_____
Andrew Janquitto
Mudd, Harrison & Burch, L.L.P.
401 Washington Avenue, Suite 900
Towson, Maryland 21204-4835
Tel. 410 828 1335
Fax. 410 828 1042

Fed Bar 06637

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I efiled and therefore eserved a copy of this response on each of the following persons:

Robert T. Franklin, Esquire
Andrew W. Cole, Esquire
Bradley F. Fowler, Esquire
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, MD 21201

*/s/ Andrew Janquitto*
_____
Andrew Janquitto