## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IMPERIUM INSURANCE COMPANY *f/k/a*     :
DELOS INSURANCE COMPANY                :
                                       :
                                       :
      v.                               :     Civil No. CCB-12-1373
                                       :
                                       :
ALLIED INSURANCE BROKERS, INC.         :
                                       :

## MEMORANDUM

This suit arises from an insurance brokerage contract between Plaintiff Imperium

Insurance Company ("Imperium") and Defendant Allied Insurance Brokers, Inc. ("Allied").

Imperium claims that Allied and its officers breached its contract and alleges fraud, breach of

fiduciary duty, and civil conspiracy. The defendants have filed a Motion to Dismiss for Improper

Venue based on a forum selection clause in the contract at issue in this case. (ECF No. 10.) For

the reasons set forth below, the court finds that venue in the District of Maryland is improper.

Under 28 U.S.C. § 1406(a), however, the court need not dismiss but rather may order the transfer

of this case to the Southern District of New York in accordance with the forum selection clause.

## BACKGROUND

On May 1, 2008, Defendant Allied entered into an agreement with Plaintiff Imperium

(under its former name, Delos Insurance Company), to broker insurance policies and collect

premiums on behalf of Imperium. (Compl. Ex. 1.) Imperium alleges that Allied improperly

commingled premium funds with its general funds and underreported premiums collected in

violation of its agreement. (*Id.* at ¶¶ 16-19, 25-26.) Citing this alleged behavior, Imperium has

1

brought claims against Allied and three of its officers for breach of contract, fraud, breach of

fiduciary duty, constructive fraud, and civil conspiracy.

At issue here, Allied has filed a Motion to Dismiss for Improper Venue under Rule

12(b)(3) citing Article XXI, Paragraph D, of the agreement between Allied and Imperium which

states in relevant parts:

> . . . all actions or proceedings arising out of or relating to this Agreement shall be tried
> and litigated exclusively in the State and Federal Courts located in the County of New
> York, State of New York. The aforementioned choice of venue is intended by the parties
> to be mandatory and not permissive in nature, thereby precluding the possibility of
> litigation between the parties with respect to or arising out of this Agreement in any
> jurisdiction other than that specified in this paragraph. Each party . . . stipulates that the
> State and Federal courts located in the County of New York, State of New York shall
> have in personam jurisdiction and venue over each of them for the purpose of litigating
> any dispute, controversy, or proceeding arising out of or related to this Agreement.

(Defs.' Mot. Dismiss Ex. 1.) Other provisions in Article XXI provide that only Imperium, at its

"sole discretion," could have insisted on mediation (Paragraph A) or arbitration (Paragraph B),

before filing suit, but the forum selection clause is written as binding on both parties. (*Id.*)

At the time the agreement was executed, New York was Imperium's principal place of

business, although the company has since moved its state of incorporation and principal place of

business to Texas. Imperium also states, and Allied has not disputed, that the defendants in this

suit all reside and work exclusively in Maryland. However, the agreement was amended

reaffirming the forum selection clause four times from May 2008 to September 2010, (Compl.

Ex. 1.), during which time it appears that Allied continuously transacted business with Imperium

at its New York location.

## ANALYSIS

The Fourth Circuit recently clarified that forum selection clauses are procedural matters

governed by federal law. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir.

2010).  Federal law strongly favors their enforcement. *Id.* at 649-50 (citing *The Bremen*, 407

U.S. 1, 10, 15 (1972)). Forum selection clauses should be analyzed under Fed. R. Civ. P.

12(b)(3) as a motion to dismiss on the basis of improper venue. *Sucampo Pharmaceuticals, Inc.*

*v. Astellas Pharma, Inc.*, 471 F.3d 544, 549-50 (4th Cir. 2006). A forum selection clause with

express language identifying the parties' chosen forum will be interpreted as mandatory and

excluding jurisdiction elsewhere if it contains "specific language of exclusion." *Albemarle*, 628

F.3d at 649 (quoting *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007)). Absent a clear

showing that such a clause is unreasonable, the parties' contractually chosen venue should be

enforced. *Albemarle*, 628 F.3d at 650. A forum selection clause will be found unreasonable only

if:

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will
> for all practical purposes be deprived of [their] day in court" because of the grave
> inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the
> chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would
> contravene a strong public policy of the forum state.

*Id.* at 651 (quoting *Allen v. Llyod's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (summarizing

*The Bremen* definition of "unreasonable)).

Here, the forum selection clause contained in Paragraph D of Article XXI of the

agreement between Allied and Imperium is unequivocally mandatory. It names New York as

"exclusively" the chosen forum and states "the aforementioned choice of venue is intended by

the parties to be mandatory and not permissive in nature, thereby precluding the possibility of

litigation between the parties with respect to or arising out of this Agreement in any jurisdiction

other than that specified in this paragraph." (Compl. Ex. 1; Defs. Mot. Dismiss Ex. 1.) Imperium

does not contest that, when the agreement was executed and amended, New York was intended to be the exclusive venue for resolving disputes arising out of its agreement with Allied.

Nor does Imperium argue that the clause is unreasonable. Because Imperium is responsible for the clause's inclusion in the agreement, its formation was neither induced by fraud, nor would there be "fundamental unfairness" by subjecting Imperium to New York law. Furthermore, Maryland has adopted the federal standard for the enforceability of forum selection clauses, *see Gilman v. Wheat, First Securities, Inc.*, 692 A.2d 454, 462-63 (Md. 1997), so the enforcement of the clause in this case would not contravene the public policy interests of Maryland, Imperium's chosen forum.

The only evidence Imperium offers that tangentially suggests enforcement of the clause would be unreasonable are the facts that Imperium has moved its principal place of business to Texas and that, apparently, Allied has no connection to New York aside from its contract with Imperium. Maryland would seem to be a far more convenient forum for Allied than New York.

However, Allied seeks to litigate in New York. In order to invalidate a forum selection clause for inconvenience, the *complaining* party, here Imperium, must show that the hardship of transfer would be so "grave" that Imperium would be deprived of its day in court. *See Albemarle*, 628 F.3d at 651. Imperium has not met this burden. If any party will be seriously inconvenienced from litigating in New York, it will likely be the defendant officers of Allied who reside in the District of Maryland. Nonetheless, they have sought this transfer. Imperium, on the other hand, is already litigating far from its home district in Texas, so the cost of having to switch forums, while perhaps significant, will not be gravely inconvenient. Imperium has not offered any evidence suggesting such a change is impractical, and it seems unlikely a transfer to the parties'

contracted forum would result in Imperium being unable to have its day in court.

Imperium also argues that the forum selection clause should not be enforced because it was included in the agreement solely for the benefit of Imperium and that by filing suit in the District of Maryland Imperium waived its rights under the clause. However, the contract does not support this interpretation; the forum selection clause, as drafted, is bilateral. Whereas Paragraph A of Article XXI of the agreement provides that only Imperium  may require both parties to submit to mediation, and Paragraph B provides that only Imperium may require the parties to submit to arbitration, Paragraph D, which contains the forum selection clause, states that "*each party* waives any right . . . to object to venue" for proceedings brought in New York. (Compl. Ex. 1) (emphasis added). While contracting to litigate in its (former) home district may appear to have been for the sole benefit of Imperium, Allied points out that the "certainty and predictability" gained by ensuring that New York substantive law would apply to all disputes between the parties benefitted Allied as well. Thus, unlike the agreement's mediation and arbitration provisions, the forum selection clause is a mutually beneficial provision and cannot be unilaterally waived by Imperium.  *See* 13 Williston on Contracts § 39:24 (Unilateral Waiver) (Richard A. Lord, ed., 4th Ed.); *see also Cattail Assocs., Inc. v. Sass*, 907 A.2d 828, 843 (Md. 2006); *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 371 F. Supp. 2d 510, 520 (S.D.N.Y. 2005).

Because the forum selection clause in the agreement between Allied and Imperium is both exclusive and reasonable, the court holds that venue in the District of Maryland is improper. *See Sucampo*, 471 F.3d at 551; *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 609-10 (E.D. Va. 2008).[1]

Accordingly, the court intends to order the transfer of this case to the Southern District of

---

[1] In light of this ruling, the court will not consider the plaintiff's motion for attachment before judgment (ECF No. 7).

New York under 28 U.S.C. § 1406(a). *See The Hipage*, 589 F. Supp. 2d at 611. Section 1406(a)

authorizes the district court to cure improper venue, "in the interest of justice,"  by transferring

the case to a district court where venue is proper. The Fourth Circuit has adopted a very broad

standard for when transfer is appropriate. *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)

("[W]e adopt the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case

to any district which would have had venue if the cases were originally brought there, for any

reason which constitutes an impediment to a decision on the merits in the transferor district but

would not be an impediment in the transferee district."); *see also Johansson Corp. v. Bowness*,

304 F. Supp. 2d 701, 709 (D. Md. 2004).

The Southern District of New York is the appropriate venue for this case under the

agreement between Allied and Imperium (which requires that all disputes arising from the

contract be litigated in the "State and Federal courts located in the County of New York, State of

New York") provided that the case otherwise could have been brought there. Under 28 U.S.C.

§ 1391(b)(2), an action may be brought in a district "in which a substantial part of the events or

omissions giving rise to the claim occurred." Not only could the case have been brought in the

Southern District because of the forum selection clause, *see Nat'l Union Fire Ins. Co. of

Pittsburgh, Pa. v. Frasch*, 751 F. Supp. 1075, 1078 (S.D.N.Y. 1990), but also, independent of the

clause, there is a sufficient nexus between that venue and the contract at issue under § 1391,

because Imperium was based in New York during the contract's negotiation and duration, *see

Largotta v. Banner Promotions, Inc.*, 356 F. Supp. 2d 388, 390-91 (S.D.N.Y. 2005). Transfer to

the Southern District of New York is appropriate and would appear to better further the interest

of justice than the delay that would be necessitated by a dismissal.

Because the parties did not expressly discuss transfer, however, I will delay entering an order for 14 days to permit Imperium to clarify whether it prefers transfer to dismissal. Allied may consider whether, in the absence of dismissal, it would prefer to waive the forum selection clause and consent to litigate in this court.

9/17/2012                                          ____/s/_____
Date                                               Catherine C. Blake
                                                   United States District Judge