IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| **IMPERIUM INSURANCE COMPANY** *f/k/a* **DELOS INSURANCE COMPANY,** | * | |
| | * | |
| PLAINTIFF, | | |
| | * | CASE NO. 12-01373-CCB |
| V. | | |
| | * | |
| **ALLIED INSURANCE BROKERS, INC.** *et al.*, | | |
| | * | |
| DEFENDANTS. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927

Plaintiff Imperium Insurance Company *f/k/a* Delos Insurance Company ("Imperium"), by its attorneys, Robert T. Franklin, Andrew L. Cole, Bradley F. Fowler and Franklin & Prokopik, and pursuant to 28 U.S.C. § 1927, Local Rule 105(8), and the Court's inherent authority to sanction litigants, files this motion for sanctions, stating as follows:

### SUMMARY OF ARGUMENT

1. Defendants successfully delayed this action for four months and caused Imperium to incur significant attorneys' fees by prosecuting a venue motion seeking relief that the defendants now acknowledge they did not actually want (*i.e.* a transfer away from their home venue).

### SYNOPSIS OF CASE

2. Plaintiff Imperium is an insurance company with its principal place of business in the State of Texas.

3. Defendant Allied Insurance Brokers, Inc. ("Allied") is or was an insurance agency incorporated and doing business in the State of Maryland which wrote policies and collected premiums on behalf of, and as a fiduciary for, Imperium.

4. The individual defendants, who are or were owners and officers of Allied, are all residents of the State of Maryland.

5. Imperium conducted an audit of Allied's books which revealed that Allied had failed to remit premiums collected by Allied on behalf of Imperium totaling in excess of One Million Eight Hundred Thousand Dollars ($1,800,000.00). This shortfall in Allied's premium trust account precipitated this lawsuit.

## PROCEDURAL BACKGROUND

6. Imperium filed its Complaint on May 4, 2012.

7. Imperium filed a motion for attachment before judgment against Allied (Dkt. 7) on May 16, 2012; the motion remains pending.

8. Defendants filed their *Motion to Dismiss Because of Improper Venue Under Forum Selection Clause* (the "Venue Motion")(Dkt. 10) on May 30, 2012.

9. Defendants,' in their Venue Motion, sought to dismiss this case by invoking a forum selection clause specifying venue in New York County, New York (Imperium's former place of business).

10. Imperium opposed the Venue Motion on June 18, 2012 (Dkt. 12).

11. Defendants filed a reply to Imperium's opposition on July 5, 2012 (Dkt. 14).

12. The Court issued a written Memorandum Opinion and a related Order on September 17, 2012 (Dkt. 14) granting the Venue Motion and directing the parties to advise the Court no later than October 1, 2012 with respect to their positions on transfer or dismissal.

13. On October 1, 2012, Imperium filed a response requesting that the action be transferred rather than dismissed.

14. Later on October 1, 2012, defendants submitted their *Reply to Court's September 17, 2012, Order* in which the defendants performed an abrupt about face, waiving the forum selection clause they successfully enforced in the Venue Motion.

### DELAY AND EXPENSE

15. Defendants successfully delayed litigation of this action for more than four months. This action has been pending for five months, yet Imperium has been unable to obtain discovery, prevented from seeking provisional remedies, and forced to incur several thousand dollars of attorneys' fees related to proceedings initiated by the defendants which defendants now acknowledge were unnecessary.

### LEGAL STANDARD

16. 28 U.S.C. § 1927 provides that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

17. In addition to the statutory authority granted by § 1927, a federal court "possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct . . . [and can] invoke its inherent power in conjunction with, or instead of, other sanctioning provisions . . . ."" *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997).

### ARGUMENT

**I.   Sanctions Pursuant to 28 U.S.C. § 1927.**

18. Imperium is cognizant of this Court's admonition in Local Rule 105(8) that motions for sanctions pursuant to § 1927 "are not to be filed as a matter of course," however this case presents a prime example of the sort of litigation tactic sanctions are intended to discourage.

19.     By its plan text, 28 U.S.C. § 1927 is intended to punish the "multipl[ication of] proceedings" where done "unreasonably and vexatiously."

20.     The Fourth Circuit Court of Appeals has held that "The unambiguous text of § 1927 aims . . . at attorneys who *multiply* proceedings.  It 'does not distinguish between winners and losers, or between plaintiffs and defendants.  The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law.'  . . . [T]his provision 'is concerned only with limiting the abuse of court processes.'  Thus, an attorney who files a meritorious claim and wins a substantial verdict may still be assessed sanctions under § 1927 if, during the case, he 'multiplies the proceedings ... unreasonably and vexatiously.'"  *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999)(citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)).

21.     While the majority of cases discussing § 1927 involve frivolous filings, nothing in the statute specifically addresses the substantive merits of the proceeding and several courts have recognized that a non-frivolous filing is also sanctionable where it otherwise falls foul of § 1927. *See Moore v. Keegan Mgt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996)("a filing need not be entirely frivolous to warrant sanctions under [§ 1927] . . . section 1927 sanctions 'must be supported by a finding of bad faith[,]' [which] is present when an attorney . . . argues a meritorious claim for the purpose of harassing an opponent."); *see also Wright v. Jackson*, 522 F.2d 955, 958 (4th Cir. 1975)("we do not agree . . . that a party who offers a legitimate defense cannot have been obstinate in the process . . . indeed, even a winner may have to pay obstinacy fees.").

**II.     Sanctions Pursuant to Federal Courts' Inherent Authority**

22.     In *In re Weiss*, *supra* the Fourth Circuit recognized the court's authority to impose sanctions where a litigant, *inter alia* "abruptly changed position" after seeking relief. *In re Weiss* at 1164.

23.     In *In re Weiss*, the court noted that certain conduct, including but not limited to appearing before the bankruptcy court to ask for a quitclaim deed, and then the next day refusing to accept the requested deed from the trustee when tendered, "clearly constitutes bad faith . . . [and] clearly fits within the inherent power of the court to sanction." *Id.* at 1171-72.

**III.    Bad Faith**

24.     Subjective bad faith is nearly impossible to prove, however the only reasonable inference that can be drawn from defendants' actions and abrupt about-face with respect to the Venue Motion is a bad faith motive to multiply and delay these proceedings and drive up costs in hopes of improving defendants' leverage in settlement discussions.

25.     Defendants' actions have resulted in unnecessary delay of this action, unnecessary multiplication of proceedings and expenditure by Imperium, and wasted judicial effort in reviewing briefs, researching the issues presented, drafting and issuing the Memorandum Opinion granting the relief ostensibly sought, but not actually wanted by the defendants.

**WHEREFORE**, Plaintiff Imperium Insurance Company *f/k/a* Delos Insurance Company respectfully requests that the Court enter an Order:

   a.  Granting this Motion;

   b.  Directing the defendants to file a response to this motion;

c. Sanctioning defendants and their counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority by awarding the plaintiff its reasonable attorneys' fees and costs incurred in connection with defending the Venue Motion; and

d. Granting such other and further relief as is appropriate under the circumstances.

    /s/ Andrew L. Cole
Robert T. Franklin, Fed. Bar No. 02607
Andrew L. Cole, Fed. Bar No. 14865
Bradley F. Fowler, Fed. Bar No. 29629
Franklin & Prokopik
The B&O Building
Two N. Charles St, Ste. 600
Baltimore, MD 21201
(410) 752-8700
(410) 752-6868 (fax)
rfranklin@fandpnet.com
acole@fandpnet.com
bfowler@fandpnet.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this 2nd day of October, 2012, a copy of the foregoing paper or pleading, together with all exhibits and attachments, was served electronically *via* the Court's CM/ECF system upon all registered users thereof who have entered an appearance in this case.

    /s/ Andrew L. Cole
Andrew L. Cole